UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BROADCAST MUSIC, INC.; et al.,                    04-CV-6569T

                                                          **ORDER**

                    Plaintiffs,

        v.

JF ENTERTAINMENT, INC. d/b/a THE PENNY ARCADE
and JOSEPH FORMICA,

                    Defendants.
_____

    Plaintiff Broadcast Music, Inc., ("BMI") along with other named parties (who are owners of the copyrights in the musical compositions at issue here) bring this action pursuant to the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 <u>et seq.</u>, alleging that the defendants, JF Entertainment Inc., and Joseph Formica, allowed BMI's licensed songs to be performed at their venue, the Penny Arcade and, in so doing, committed ten (10) acts of copyright infringement on March 26, and 27, 2004.

    Defendant JF Entertainment Inc. owns and operates the establishment known as The Penny Arcade, a well-known venue for live musical performances. Joseph Formica is an officer of JF Entertainment as well as the venue's manager.

    Plaintiffs move for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure for copyright infringement alleging that the defendants allowed unauthorized public performances of BMI's copyrighted musical compositions.

The following is alleged by the defendants and is not disputed by the plaintiffs since they have not responded to any of plaintiffs' submission including the summons and complaint filed December 15, 2004. Beginning in 2002, BMI learned that The Penny Arcade was offering musical entertainment without licensing from BMI, or without permission from the copyright owners whose music was allegedly being performed. During the next two years, BMI contacted defendants numerous times by letter and by telephone each time explaining that any BMI songs played at their venue needed to be licensed and failure to sign a BMI licensing agreement would place them in violation of Federal copyright law. On March 26, 2004, a BMI investigator visited The Penny Arcade and, during the visit, observed ten of BMI's songs being performed. After receiving a certified infringement report from the investigator, BMI advised the defendants both by letter and by telephoning them of the results of the investigation. No response was received. On November 12, 2004, plaintiffs filed this action for copyright infringement seeking injunctive relief, statutory damages, costs, and reasonable attorney's fees. On December 15, 2004, defendants were served with a copy of the summons, complaint and mandatory disclosures. However, again defendants failed to respond. On August 19, 2005, the Clerk of the Court entered default against the defendants pursuant to the plaintiffs' motion based on defendants' failure to respond or answer in any way.

CONCLUSION

Based on defendants' failure to appear, plaintiffs' allegation are deemed to have been admitted and I find that the plaintiffs are entitled to the requested relief. I thereby grant the entry of default judgment ordering that:

(A) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing upon, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502; and it is further ordered that

(B) Defendants pay statutory damages to plaintiffs in the amount of $30,000, which represents an award of $3,000 for each of the ten (10) acts of infringement, pursuant to 17 U.S.C. § 504 (c); and it is further ordered that

(C) Defendants pay plaintiffs' statutory costs, in addition to reasonable attorneys' fees in the amount of $1,014.80 pursuant to 17 U.S.C. § 505; and it is further ordered that

(D) Defendants pay interest on these awards pursuant to 28 U.S.C. § 1961.

ALL OF THE ABOVE IS SO ORDERED.


S/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         November 1, 2005